IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DONALD HOLT                                                                                                 PLAINTIFF

VS.                                       CIVIL NO. 06-5069

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION                 DEFENDANT

**MEMORANDUM OPINION**

      Donald Holt ("plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits ("DIB") under Title II of the Act.

**Background:**

      The application for DIB now before this court was filed on July 13, 2002, alleging an onset date of June 15, 2001, due to headaches, depression, and high blood pressure. (Tr. 63-65, 70). An administrative hearing was held on July 20, 2004. (Tr. 396-409).

      At the time of the administrative hearing, plaintiff was fifty-two years old and possessed a tenth grade education. (Tr. 20). The record reveals that he had past relevant work ("PRW") experience as a house painter and truck driver. (Tr. 13).

      The Administrative Law Judge ("ALJ"), entered a written opinion on August 10, 2004, concluding that plaintiff's impairments were severe but determined that they did not meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulation No. 4. (Tr. 21-22). The ALJ then found that plaintiff retained the residual functional capacity ("RFC") to perform

medium work. (Tr. 21). Utilizing the Medical-Vocational Guidelines (the "Grids"), the ALJ then concluded that plaintiff could perform work that exists in significant numbers in the national economy. (Tr. 20-21).

On February 16, 2006, the Appeals Council declined to review this decision. (Tr. 3-6). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 7, 8).

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**Discussion:**

Of particular concern to the undersigned is the ALJ's RFC assessment. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

The record currently before the court contains no physical RFC assessment and no medical evidence that addresses plaintiff's ability to function in the workplace. While the record does contain a document that purports to be an RFC assessment with the notation "Information Only" written at the top of the page, the document is not dated and concludes only that plaintiff's impairments are non-severe. The document does not indicate plaintiff's ability to perform exertional or non-exertional activities.

4

**AO72A**
**(Rev. 8/82)**

Thus, on remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff, asking the physicians to review plaintiff's medical records; to complete a mental and physical RFC assessment regarding plaintiff's capabilities during the time period in question; and, to give the objective basis for their opinions, so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). In so doing, the ALJ is directed to specifically ask plaintiff's treating doctors to evaluate plaintiff's level of impairment, both on and off of the narcotic pain medications he has been prescribed.

We also note that the administrative hearing lasted a mere 16 minutes and was fully transcribed in ten pages. While we recognize that the length of the hearing is not dispositive, it is a consideration. *See Battles v. Shalala*, 36 F.3d 43, 45 (8th Cir. 1994) (citing *Thompson v. Sullivan*, 987 F.2d 1482, 1492 (10th Cir.1993)). The ALJ is required to ask questions sufficient to ascertain (1) the nature of the plaintiff's alleged impairment(s), (2) the ongoing treatment and medication plaintiff is receiving, and (3) the impact of the alleged impairment (s) on the plaintiff's daily routine and activities. *See Thompson*, 987 F.2d at 1492. In the present case, neither the ALJ nor plaintiff's counsel questioned plaintiff regarding his exertional or non-exertional impairments. As such, we believe that remand is necessary to allow the ALJ to develop the record with regard to plaintiff's ability to function in the workplace.

The ALJ also improperly used the Grids to determine that plaintiff was not disabled. Generally, if the claimant suffers from nonexertional impairments that limit his or her ability to perform the full range of work described in one of the specific categories set forth in the guidelines, the ALJ is required to utilize testimony of a vocational expert. *Groeper v. Sullivan,* 932 F.2d 1234, 1235 n. 1 (8th Cir.1991). The ALJ may, however, rely on the guidelines even though there are nonexertional impairments if he finds, and the record supports the finding, that the claimant's nonexertional impairments do not significantly diminish his or her RFC to perform a full range of activities listed in the guidelines. *See Reed v. Sullivan*, 988 F.2d 812, 816 (8th Cir.1993). Pain is one such nonexertional impairment. *See Baker v. Barnhart*, 457 F.3d 882, 894-895 (8th Cir. 2006). Because the ALJ found plaintiff to suffer from severe pain, namely headaches, for which he has been prescribed narcotic pain medication, the omission of testimony from a vocational expert here leaves us with an undeveloped and inconsistent record, and provides us no alternative but to remand for further proceedings. *See Draper v. Barnhart*, 425 F.39 1127, 1131-1132 (8th Cir. 2005).

**Conclusion:**

Based on the foregoing, we reverse the ALJ's decision and remand this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 9th day of May 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)